UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SEABROOK MARINA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-88 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY, *et al*, | § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

**I.  INTRODUCTION**

Before the Court is the plaintiff, Seabrook Marina, Inc.'s, motion to remand [Doc. No. 13] this case to the state court from which it was removed, and the defendant, Scottsdale Insurance Company's, response [Doc. No. 15]. Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby grants the plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c).

**II.  FACTUAL BACKGROUND**

This case arises as a result of a dispute between the plaintiff and the defendants concerning damages sustained by the plaintiff's property during Hurricane Ike. The defendant, Scottsdale issued its Commercial Property Insurance Policy on the plaintiff's property prior to September 12, 2008. After the hurricane, Scottsdale assigned the task of adjusting the plaintiff's claim to Reliable Adjusting Company Enterprises, Inc., foreign corporation. However, it is asserted that the defendants, Jack L. King and/or Kent Alan Parker, who were assigned by Reliable to inspect and assess the damage to the property, are Texas residents.

The plaintiff claims that its marine operation, including its restaurant, was devastated by Hurricane Ike. Adjusters King and Parker spent substantial time on the property and issued their reports in June and August 2009 (King) and October 5, 2008 (Parker). In spite of the time spent, the adjusters issued damage estimates that, according to the plaintiff, essentially denied the plaintiff claim. As such, the plaintiff contends that it "has not been paid in full for the damages to its property." The plaintiff filed suit in the 212th Judicial District Court of Galveston County, Texas. However, the defendant, Scottsdale cause the case to be timely removed to this Court.

### III.   CONTENTIONS OF THE PARTIES

#### A.   *The Plaintiff's Contentions*

The plaintiff asserts that this Court lacks subject matter jurisdiction over this case and that it should remand the case to the 212th Judicial District Court of Galveston County, Texas. The plaintiff contends that King and/or Parker are residents of the state of Texas; therefore, complete diversity between the parties does not exist. The individual defendants are described by the plaintiff as insurance adjusters who: (a) took depreciations on certain items incorrectly; (b) allowed only minimum charges for certain roof repairs; and, (c) denied damages as to other property. In short, the plaintiff describes the adjusters product as "an outcome-oriented investigation of [the plaintiff's] claim, which resulted in a biased, unfair and inequitable evaluation of [ ] losses."

#### B.   *The Defendant's Contentions*

The defendant, Scottsdale, argues that this Court has jurisdiction over the instant case. Scottsdale recognizes that it bears the burden of proof in this endeavor, having removed the case based on its claim of diversity. *See Smallwood v. Ill. Central R.R. Co.,* 385 F.3d 573 (5th Cir. 2004). In this vain, the defendant does not concede that Parker is a resident of Texas, yet it, in

fact, stated that he was in its Notice of Removal. The defendant, nevertheless, moves to the heart of its argument against remand, asserting that "there is no reasonable basis for [this court] to predict that Plaintiffs might be able to recover against an in-state defendant." [Quoting *Smallwood* at 572].

To prove the plaintiff's inability the defendant must establish "that there is no factual fit between Plaintiffs allegations and the pleaded theory of recovery." (Citations omitted). In this regard, the defendant contends that the plaintiff has lumped the defendants together and has not asserted any separate actionable fact against the individual defendants. Hence, the plaintiff's claims are merely "conclusory allegations", contends the defendant, that do not establish a fit between the individual defendants' conduct and the alleged violations of law.

## IV. STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127–28 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented. Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. *See* 28 U.S.C. § 1332(a).

"It is well established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc). Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In this case, the parties do not dispute that Bickett is a Texas resident, and thus the Court's analysis will focus only on the second prong of this test. Under that prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647–48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In assessing whether a defendant has been improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues

of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id*. at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*.; *Guillory*, 434 F.3d at 309.

## V.     ANALYSIS AND DISCUSSION

In the case at bar, the plaintiff does not argue that a procedural defect exists in the removal process; nor does it assert that the amount in controversy is insufficient. It contends merely that complete diversity of citizenship between Parker and/or King and the plaintiff is lacking. It is undisputed that King is a resident of Texas as is the plaintiff. Hence, the defendant's improper joinder issue is a function of whether the plaintiff has pled a potentially viable cause of action against King. As set out below, the Court finds that the plaintiff has so pled.

### A.    *Potential Liability for King as an Individual Actor*

While the defendant does not concede that Parker is a resident of Texas, it does appear in the defendant's removal papers that he is. And, there is no evidence to the contrary. Be that as it may and assuming that King is a resident, his residency alone is sufficient to defeat a diversity of

citizenship removal. Arguing that King is potentially liable for actions taken in the course of his employment, the plaintiff makes the following assertions:

> The depreciation taken by the second adjuster (King) was excessive and resulted in an undervaluation to Plaintiff . . . [h]e did not address all damages to the offices and building on the Marina property that had water intrusion . . . and roof damages . . . [but] exclude[ed] Hurricane Ike damage that was caused by windstorm . . . Building "9" was completely denied for damages by King. Payment has not been produced to date for all damages estimated in estimates.

The defendant does not contest that it is possible for an adjuster to be liable under the Texas Insurance Code. However, it points to the plaintiff's pleadings and maintains that, as pled, no facts are presented that point to specific conduct by King that violates state law. The Court is of the opinion that sufficient facts have been pled, and that King is "potentially" liable under state law for failing to properly adjust the plaintiff's claim.

"[T]the Fifth Circuit [has established] that in order to [recover] against an adjuster, the plaintiff must demonstrate . . . that the employee, as an individual, committed the violation that caused the harm." *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 WL 2300331, at *3 (S.D. Tex. Feb. 20 2007) (unreported opinion) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004)); *see also Mayorga v. Gov't Employees Ins. Co. (Geico)*, No. C-09-339, 2010 WL 300350, at *3 (S.D. Tex. Jan. 20, 2010). ("Plaintiff alleges that [the individual defendant] 'fail[ed] to conduct a reasonable investigation of Plaintiff's claims and fail[ed] to effect prompt resolution of Plaintiff's claim.' Employees that fail to properly adjust insurance claims are liable under Section 541." (citations omitted)); *Cornman v. State Farm Lloyds*, No. H-01-3266, 2001 WL 34098622, at*4 (S.D. Tex. Nov. 19, 2001) (unreported opinion) (recognizing

that an individual can be liable under the TIC even if all of their pertinent actions were taken within the scope of their employment with an insurance company). Thus, under the (here applicable) Rule 12(b)(6) standard, Calofe only needs to allege that Bickett personally took some action that violated the TIC (as opposed to acting in an individual capacity, as argued by Chubb). *See Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (In a Rule 12(b)(6) analysis, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."). The Court finds that this standard is satisfied.

The plaintiff has alleged that the defendant [King] engaged in unfair settlement practices in violation of § 541.060(a).  There, the plaintiff asserts that King investigated its claim from an "outcome-oriented" perspective.  It further asserts, as set out heretofore, that King failed to adequately settle its claim, did not investigate and affirm or deny the claim in a timely manner and attempted to settle the claim in an unfair manner.  Other allegations of violations of the Insurance Code are also asserted, although jointly with the remaining defendants.  This grouping of claims and parties is not, however, fatal to the plaintiff's motion to remand because the level of factual specificity asserted is sufficient to pass Rule 12(b)(6) scrutiny.  As stated in *Jenkins v. De La Paz*, 124 Fed. Appx. 265, 267 (5th Cir. 2005), "the primary issue that a district court must confront at this stage of the proceedings is not whether the plaintiff will ultimately prevail, but whether the substantive nature of the allegations raised in the complaint are such that the plaintiff 'is entitled to offer evidence to support his claim[s]" __ citing *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

The Court is of the opinion that it would be inappropriate to dismiss a plaintiff's complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff's complaint

cannot be proved. *Id.* at 324; *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Therefore, pursuant to the above standard, the Court finds that, with regard to the issue of a "factual fit", the defendant has failed to demonstrate an absence of sufficiently pled facts against King.

## VI. CONCLUSION

Based on the preceding discussion, the Court hereby GRANTS the plaintiff's motion to remand this case to the 212th Judicial District Court of Galveston County, Texas, pursuant to 28 U.S.C. § 1447(c).

It is so Ordered.

SIGNED at Houston, Texas this 9th day of June, 2010.

_____
Kenneth M. Hoyt
United States District Judge